UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
RUO SHI TANG,

                                 Plaintiff,            **COMPLAINT**

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER          Case Number:
LYNDA MONDESIR and POLICE OFFICER
"JOHN" VACCHIO,

                              Defendants.          JURY DEMAND
-----------------------------------------------------------------------X

Plaintiff, by her attorneys, **SOBEL ROSS FLIEGEL & STIEGLITZ, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the laws of The United States, particularly the Civil Rights Act, Title 42 USC, §1983 and §1988 and the common law of The State of New York.

2. The jurisdiction of this Court is invoked under the provisions of title 28 USC §1331and §1343.

3. Venue is placed in this district because it is the district where the events complained of occurred.

## PARTIES

4. Plaintiff **RUO SHI TANG** at all times herein after mentioned is a citizen of the United States, a resident of the County of New York, City and State of New York.

5. Defendant **THE CITY OF NEW YORK** is a municipal corporation duly incorporated under the laws of The State of New York.

6. That at all times herein after mentioned the Defendant **THE CITY OF NEW YORK** maintained a police department, known as Defendant **NEW YORK CITY POLICE DEPARTMENT.**

7. That at all times herein mentioned, Police Officers Lynda Mondesir and Police Officer "John" Vacchio were employees of the Defendants the City of New York and members of the New York City Police Department.

8. That at all the times herein mentioned, Police Officers Lynda Mondesir and "John" Vacchio were acting within the scope of their employment on behalf of the Defendants The City of New York and the New York City Police Department.

9. On Thursday, December 13, 2012, at approximately 2 PM, Plaintiff was on the sidewalk in front of 52-03 82nd St., Elmhurst, NY when she was assaulted, battered and arrested by Police Officers Lynda Mondesir and "John" Vacchio, without a warrant.

10. On Thursday, December 13, 2012, at approximately 2 PM, Plaintiff was on the sidewalk in front of 52-03 82nd St., Elmhurst, NY when she was assaulted, battered and arrested by Police officers Lynda Mondesir and "John Vacchio, members of the New York City Police Department, without probable cause.

11. On Thursday, December 13, 2012, at approximately 2 PM, Plaintiff was on the sidewalk in front of 52-03 82nd St., Elmhurst, NY when she was assaulted, battered and arrested by Lynda Mondesir and "John" Vacchio, members of the New York City Police Department, without any legal basis.

12. On Thursday, December 13, 2012, Plaintiff was placed in handcuffs and taken to the 110th precinct without her consent.

13. On Thursday, December 13, 2012, Plaintiff was again assaulted and battered at the 110th precinct by the defendants.

14. On Thursday, December 13, 2012, Plaintiff was denied the right to contact an attorney or family member while in custody at the 110th precinct.

15. On Thursday, December 13, 2012, while Plaintiff was confined at the 110th precinct, Plaintiff was denied medical care for her injuries and threatened that she would remain in police custody if she insisted on being taken for medical care.

16. On Thursday, December 13, 2012, plaintiff was released from police custody at approximately 4:45 P.M.
17. On March 12, 2013, a Notice of Claim was filed with the Defendant **THE CITY OF NEW YORK** pursuant to General Municipal Law section 50-e.
18. On September 12, 2013, Plaintiff appeared for a municipal hearing pursuant to General Municipal Law section 50-h.
19. This action is being commenced within one year and 90 days from the date of the incident upon which the claim is based.

## AS AND FOR A FIRST CAUSE OF ACTION

20. On December 13, 2012, the Defendants, under color of law, maliciously, unlawfully, without probable cause and without warrant or any process of any Court, arrested plaintiff and incarcerated her.
21. By reason of the foregoing, plaintiff was deprived of the right to be free, denied Due Process of Law, deprived of her liberty and to be free of unreasonable seizure, all of which are violations of her rights under the Constitution of The United States, in particular the Fourth, Fifth and 14th amendments thereof, 42 U.S.C. 1983, and Constitution and Laws of the State of New York.
22. As a result of the foregoing, Plaintiff has been caused to sustain damages in the sum of $150,000.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1-22 as though set forth herein at length.
24. The defendants, their agents, servants and/or employees committed assault and battery upon the plaintiff both at the time of the arrest and while Plaintiff was confined at the 110th precinct by hitting, kicking and otherwise battering the plaintiff, touching her, holding her and handcuffing her without her consent, causing her severe personal injuries.
25. As a result of the foregoing, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish and suffering.
26. These injuries and their effects will be permanent.

27. As a result of said injuries, plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.
28. As a result of the foregoing, plaintiff was damaged in a sum of $150,000.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1-28 as contained herein as though set forth herein at length.
30. As a result of her improper arrest, Plaintiff retained the services of Robert Brown, Esq., a criminal defense attorney to represent her for the charges wrongfully brought against her for which she paid a fee of $750.00.
31. After appearing in the Criminal Court on February 25, 2013, all charges were dismissed against the plaintiff.
32. In consequence of the above, plaintiff has been subjected to Malicious Prosecution by the defendants.
33. As a result of the foregoing, plaintiff has been caused to sustain damages in the sum of $150,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1-33 as contained herein as though set forth herein at length.
35. That all times herein mentioned, the defendants were negligent in the training and supervision of its employees in the fundamental laws of arrest and acceptable conduct in the making of an arrest.
36. As a direct result and proximate cause of aforesaid or omissions, the plaintiff was improperly arrested, falsely imprisoned, maliciously prosecuted and deprived of her civil rights, assaulted, battered, threatened and otherwise mistreated by the defendant, its agents, servants and/or employees.
37. As a result of the foregoing, plaintiff has been caused to sustain damages in the sum of $150,000.

## AS AND FOR A FIFTH CAUSE OF ACTION

38. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1-37 as though set forth herein at length.

39. The defendants were negligent, careless and reckless in retaining the involved police officers involved in the aforementioned incident, knowing of prior actions committed and/or complained of outside of police procedure and policies, thereafter receiving complaints about said individuals regarding their conduct on the job, prior to the subject events.

40. As a result of the foregoing, plaintiff was caused sustained damages in the sum of $150,000.

41. **WHEREFORE**, plaintiff requests judgment against the defendants in the amount of $150,000 for each cause of action and attorney fees pursuant to 42 USC 1988, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 5, 2013

**MICHAEL P. STIEGLITZ  - MS6740**
SOBEL, ROSS, FLIEGEL & STIEGLITZ, LLP
Attorneys for Plaintiff **RUO SHI TANG**
150 Broadway, Suite 1206,
New York, New York 10038
(212) 233-0350

INDEX NO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RUO SHI TANG,

      PLAINTIFF,

  -AGAINST-

THE CITY OF NEW YORK AND NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER LYNDA MONDESIR
AND POLICE OFFICER "JOHN" VACCHIO,

      DEFENDANTS.

---

**SUMMONS AND COMPLAINT**

---

**SOBEL ROSS FLIEGEL & STIEGLITZ, LLP**
*ATTORNEYS FOR PLAINTIFF*
**150 BROADWAY, SUITE 1206
NEW YORK, NEW YORK 10038
(212) 233-0350**

---

TO: